**In the Matter of Earl Ralph EARLS and Marilyn Kay Earls, Bankrupt.**

**Earl Ralph EARLS and Marilyn Kay Earls, Appellants,**

v.

**SOUTHGATE BANK AND TRUST COMPANY, Appellee.**

**Bankruptcy No. 86–00777–C.**

**No. 87–4357–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

Nov. 12, 1987.

H. Ralph Gaw, Tipton, Mo., for appellants.

Norman E. Beal, Kansas City, Mo., for appellee.

ORDER

SCOTT O. WRIGHT, Chief Judge.

This is an appeal from a final order of Bankruptcy Judge Frank W. Koger. The judgment entry was filed June 9, 1987 after the memorandum opinion, filed May 19, 1987. Judge Koger held that a $40,000.00 loan made by Southgate Bank and Trust Company (Southgate) to debtors Earl and Marilyn Earls was not a dischargeable debt because the debtors had given the bank a materially false financial statement upon which the bank reasonably relied in giving the loan. For the reasons set forth below, the order of the Bankruptcy Court shall be affirmed.

**1. Standard of Review**

The District Court has appellate jurisdiction to hear appeals from orders of bankruptcy judges pursuant to 28 U.S.C. § 158 (1984). The standard of such review is well-settled. The bankruptcy court's finding of fact will not be disturbed unless "clearly erroneous." *In re Martin,* 761 F.2d 472, 474 (8th Cir.1985). However, its conclusions of law are subject to *de novo* review. *Id.*

**2. Factual Findings of Bankruptcy Court**

On February 6, 1985, the debtors obtained a loan from Southgate for $40,-000.00, to be repaid at the end of six

months. As collateral for the loan, the debtors gave Southgate a deed of trust on their residence which was designated as a "Second Deed of Trust." They also delivered a written financial statement to the bank, dated January 18, 1985, which the Bankruptcy Court determined to be materially false and made in order to induce Southgate to give the loan. The financial statement was materially false because it purposefully omitted listing that the debtors were also indebted to the Citizens Bank of Amsterdam, Missouri for approximately $160,000.00 on a $200,000.00 original note, which was also secured by a deed of trust on the debtors' residence.

The Bankruptcy Court also found that the bank *reasonably relied* on this financial statement and a signed statement by both debtors, dated February 6, 1985, which confirmed this information and was also made to induce the bank not to record its deed of trust. The Court accepted the loan officer's testimony that he did not know of the second mortgage, that he did not discuss renewal note alterations with the debtors, and that he had not seen a title report *prior to* disbursement which revealed other liens on the property.

The Court rejected the debtors' testimony to the contrary, noting that even if Southgate knew that Citizens Bank had made a $200,000.00 loan to the debtors' construction company, there was no evidence that Southgate knew that this debt was personally guaranteed by the debtors or that it was a lien on debtors' personal assets. The debt to Citizens Bank was found to represent over one-third of the debtors' alleged net worth, materially altering the true financial picture. The note was renewed in July, 1985.

The Bankruptcy Court conducted a hearing, and considered the conflicting evidence presented by the bank and the debtors. It correctly recognized its responsibility to determine the credibility of the different versions. In reaching its conclusion, the Bankruptcy Court also noted that "the written documents clearly and convincingly substantiate the Bank's theory." Having reviewed the record, this Court finds that

these findings of fact are not clearly erroneous.

### 3. Legal Conclusions of Bankruptcy Court

11 U.S.C. § 523(a)(2)(B) provides:

*"§ 523 Exceptions to Discharge*

(a) A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(B) Use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive ..."

Applying the factual findings to § 523, the Bankruptcy Court concluded: (1) that debtors gave the Bank a financial statement on or about February 6, 1985; (2) that the financial statement was materially false; (3) that the Bank reasonably relied on the statement in making the loan, and taking the proffered collateral; and (4) that the debtors caused it to be made with the intent to deceive. Thus, the Court held that the debt to Southgate Bank was not dischargeable under § 523(a)(2)(B).

### 4. Analysis

This appeal focuses on the Bankruptcy Court's determination that the bank's reliance on the false financial statement was reasonable. The debtors' argument that the bank had actual knowledge of the Citizens Bank debt is a factual issue which was rejected, as discussed above. However, the debtors also contend that the bank had a duty to verify the accuracy of the financial statement or to ascertain the existence of recorded security interests. As support for this view, they rely on *In re Stout*, 39 B.R. 438 (Bankr.W.D.Mo.1984). In *Stout*, the court held that a "creditor

has a duty to make a reasonable effort to check the credit rating of the Debtor and not rely upon just the financial statement." *Id.* at 441, *quoting In re Breen,* 13 B.R. 965, 969 (Bankr.S.D.Ohio 1981).

The *Stout* doctrine, however, has been limited to the narrow facts of that case. In fact, even Judge Dennis J. Stewart, who issued the *Stout* opinion, has strictly refused to extend the doctrine. *See In re Steinman,* 61 B.R. 368, 372–73 (Bankr.W. D.Mo.1986).

Having considered the *Stout* notion of a duty owed by the recipient of a financial statement, this Court rejects the doctrine as unsound. The reasoning set forth in *In re Richards,* 71 B.R. 1017 (Bankr.D.Minn. 1987) is persuasive. In *Richards,* the bankruptcy court focused on the scienter requirement for fraud, noting that nondischargeable fraud under § 523(a)(2)(B) involves "active and intentional wrongdoing by misrepresentation and deceit." *Id.* at 1021. Thus, the rule of *Stout* seems to attach the defense of contributory negligence onto the law of intentional fraud.

The Court in *Richards* went on to examine the Congressional history of § 523(a)(2)(B), concluding that, by using the term "reasonably relied," Congress "intended only that reliance not be successfully asserted in bad faith as a matter of convenience after the fact to avoid dischargeability." *Id.* at 1022. Finally, the standards for examining "reasonable reliance" were set forth as follows:

"Where reliance is at issue in a nondischargeability action based on a false financial statement, it is appropriate for a court to examine such things as: the creditor's standard practices in evaluating loan applications; industry standards; and particular circumstances existing when the financial statement is presented.... [Reasonableness] should be viewed as a test of credibility. Reasonableness is not, with respect to the victim of an intentional tort, a frame-

work of legal standards fashioned from an affirmative duty."
*Richards,* 71 B.R. at 1022.

This Court adopts the rationale and philosophy described in *Richards.* Having examined the particular factual circumstances here, and the applicable law, the Court thus holds that Southgate Bank reasonably relied on the debtors' false financial statement, which the debtors made with intent to deceive, in making and renewing the $40,000.00 loan.[1]

Accordingly, it is hereby

ORDERED that the Order of the Bankruptcy Court in favor of Southgate Bank is affirmed. The $40,000.00 debt owed to the bank is nondischargeable under 11 U.S.C. § 523(a)(2)(B).

---

1. Southgate's reliance on *In re Ophaug,* 827 F.2d 340 (8th Cir.1987), however, is misplaced. The only section involved in *Ophaug* was § 523(a)(2)(A), which has no reasonableness requirement. In fact, the *Ophaug* court notes that Congress explicitly imposed a reasonableness requirement in § 523(a)(2)(B). *Id.* at 343.